J-S18004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SAHEED O. SAUNDERS | |
| Appellant | No. 308 EDA 2016 |

Appeal from the PCRA Order December 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009795-2008

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 06, 2017**

Appellant, Saheed O. Saunders, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviciton Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand for an evidentiary hearing.

We assume the parties' familiarity with the facts underlying Saunders's convictions. We direct the interested reader to the trial court's opinion. **See** Trial Court Opinion, 10/1/13, at 2-4. After this Court affirmed his convictions, **see Commonwealth v. Saunders**, No. 2208 EDA 2013 (Pa. Super., filed July 7, 2014) (unpublished memorandum) (affirming based on

---

[*] Former Justice specially assigned to the Superior Court.

the trial court's opinion), Saunders filed a timely *pro se* PCRA petition. The petition alleged, among other claims, the ineffective assistance of trial counsel.

The PCRA court appointed counsel who subsequently filed a "no-merit" letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued Rule 907 notice. Saunders filed two responses, but the PCRA court granted counsel's petition to withdraw and dismissed the PCRA petition without a hearing. This timely appeal followed.[1]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted).

In his *pro se* PCRA petition, Saunders alleged trial counsel's ineffective assistance in failing to call an alibi witness, Sherry Lockett. As described below, Saunders is entitled to a hearing on this claim.

---

[1] Saunders's appeal had to be filed by January 20, 2016. **See** Pa.R.A.P. 903(a). Saunders is incarcerated, at SCI Greene, the Commonwealth's only supermax prison, and filed his appeal *pro se*. His notice of appeal is dated January 16, 2016, and the postmark on the envelope attached to the notice of appeal is dated January 19. "Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing." **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007). This appeal is timely.

To be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in § 9543(a)(2) of the PCRA. One such error involves the ineffective assistance of counsel. The law presumes counsel's effectiveness; it is the petitioner's burden to prove the contrary. **See Commonwealth v. Payne**, 794 A.2d 902, 906 (Pa. Super. 2002).

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). This requires the petitioner to plead and prove that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. **See Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (en banc). Failure to prove any one of these three elements causes the claim to fail. **See id**.

"Where a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (citation omitted; brackets in

original). **See also** 42 Pa.C.S.A. § 9545(d)(1). A PCRA petitioner must demonstrate the following:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

**Commonwealth v. Hall**, 867 A.2d 619, 629 (Pa. Super. 2005) (citation omitted).

Saunders provided a signed certification as required by § 9545(d)(1).[2] Specifically, he alleged that Lockett "would and could have testified" to his "whereabouts" and would have placed him away from the commission of the crime. PCRA Petition, filed 2/23/15, at 6 § 12, 8. Simply put, she would have provided him with an alibi.

Saunders's PCRA counsel construed this as a claim that was precluded by what transpired at trial. There, trial counsel, David Rudenstein, Esquire,

---

[2] The Commonwealth claims that "defendant made no offer to prove his claim, whether by affidavit or otherwise," nor did he "offer a certification from himself, counsel, or Sherry Lockett." Commonwealth's Brief, at 9. Saunders was not required to file an affidavit. "Where a petitioner requests an evidentiary hearing, the petition shall include a *signed certification* as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1) (emphasis added). **See also Commonwealth v. Brown**, 767 A.2d 576, 583 (Pa. Super. 2001) (stating § 9545(d)(1) requires "signed certification" from a potential witness, not an affidavit). Saunders provided a signed certification in his PCRA petition, complying with § 9545(d)(1). **See** PCRA Petition, filed 2/23/15, at 6 § 12, 8.

stated that for "strategic reasons" he was not going to present Lockett as a witness because she "has not been all that cooperative...." N.T., Trial, 3/7/13, at 162-163. The trial court inquired of Saunders, "[d]id you listen to your lawyer talking and [do] you agree with what he said, sir?" *Id.*, at 163. And Saunders responded, "[y]es." *Id*. The trial court asked Saunders further, "[s]o you don't believe that there is any necessity at this time to call any witnesses?" *Id*. And Saunders responded, "[n]o." *Id*.

Relying on the legal precept that "a defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision," *Commonwealth v. Paddy*, 800 A.2d 294, 316 (Pa. 2002) (citation omitted), PCRA counsel reasoned that Saunders's colloquy foreclosed relief, *see* Letter of No-Merit, filed 10/29/15, at 5-7 (unnumbered). The PCRA court agreed with this reasoning to deny Saunders relief on this claim, *see* PCRA Court Opinion, filed 4/6/16, at 7-8, as does the Commonwealth on appeal, *see* Commonwealth's Brief, at 7-8.

Saunders's claim in his PCRA petition is that Lockett "would and could have testified" to his "whereabouts" and would have placed him away from the commission of the crime, but that his trial counsel represented to him that she was not cooperative. Saunders relied on that representation in agreeing with his counsel's strategy at trial. As he succinctly phrases it in his brief, "[A]ppellant only made this decision [to agree with counsel's strategy]

based upon trial counsel's assertion that she was uncooperative and not going to testify." Appellant's Brief, at 3. This is a different claim than that identified by PCRA counsel, the PCRA court, and the Commonwealth.

Saunders's is a bold claim. He alleges that trial counsel dissembled at trial about Lockett's willingness to testify. It is a claim that he bears the burden to prove. And its resolution requires a credibility determination to be made by the PCRA court, at an evidentiary hearing, between trial counsel and Lockett. **See Commonwealth v. Johnson**, 966 A.2d 523, 540 (Pa. 2009) ("This Court has made clear that, in cases where the PCRA court declined to hold a hearing, and where an assessment of witness testimony was essential to a petitioner's ineffectiveness claims, the PCRA court must make specific credibility determinations.")

Accordingly, we remand for an evidentiary hearing. Upon the conclusion of the hearing, if the PCRA court finds Lockett credible, it shall further address the claim of trial counsel's ineffective assistance. If it finds trial counsel credible, it shall deny the claim.

The question remains whether the PCRA court should appoint Saunders counsel on remand. "[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc). To preserve the issue of PCRA counsel's ineffective assistance for appellate review, the claim must first be raised in the PCRA court in response to the Rule 907 notice and then on

appeal. ***See***, ***e.g.***, ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009).

Saunders alleged the ineffective assistance of PCRA counsel in his "Objections to ***Finley*** Letter," filed on November 20, 2015, which was within the 20-day timeframe provided by the Rule 907 notice. Furthermore, although inartfully drafted, Saunders explicitly raises the claim of PCRA counsel's ineffective assistance in the argument section of both his first and second issues presented on appeal. ***See*** Appellant's Brief, at 3, 5. And he requests the appointment of new counsel in his "wherefore clause." ***See id.***, at 7.

We find Saunders preserved the issue of PCRA counsel's ineffective assistance for our review in this appeal. By misinterpreting the claim raised in Saunders's *pro se* PCRA petition, PCRA counsel rendered ineffective assistance. Accordingly, on remand, the court is to appoint Saunders new counsel.

In his final issue on appeal, Saunders claims the PCRA court erred in refusing to grant him permission to file an amended PCRA petition. Rule 905(A) gives the PCRA court discretion to "grant leave to amend … a petition for post-conviction collateral relief at any time," and states that "[a]mendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).

Saunders set forth his reason for requesting leave to file an amended petition in his "Objections to *Finley* Letter," filed on November 20, 2015, and "Reply to PCRA Counsel's Response," filed on December 18, 2015. The former, as mentioned, he filed within the timeline of the Rule 907 notice, while the latter he filed well outside the 20-day time limit. In both, he explained his desire to file an amended petition to claim that trial counsel failed to investigate and present alibi witnesses. The PCRA court refused the filing of an amended petition because the identified claim "was [already] set forth in his original petition, and was fully addressed by PCRA counsel in his *Finley* letter." PCRA Court Opinion, filed 4/6/16, at 5.

The record supports the PCRA court's finding—Saunders simply sought to advance a claim already included in his original petition. Permitting amendment in such a circumstance would be futile. But we have afforded Saunders the right to new counsel. And Saunders has identified additional claims in his brief. *See* Appellant's Brief, at 5-6. Upon review, new counsel may file an amended petition, if it is deemed necessary. If counsel files an amended petition, it is left to the PCRA court's discretion to determine whether any of the new claims merit consideration at the evidentiary hearing.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2017</u>